IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,911-01






EX PARTE JONATHAN ALLEN HOFER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 7469-A IN THE 27
TH DISTRICT COURT


FROM LAMPASAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of intoxication
manslaughter and sentenced to twelve years' imprisonment. The Third Court of Appeals affirmed his
conviction. Hofer v. State, No. 03-04-00252-CR (Tex. App.-Austin, delivered December 22, 2005,
no pet.). 

 Applicant contends, among other things, that appellate counsel rendered ineffective assistance
because he failed to inform Applicant of his right to file a pro se petition for discretionary review. On
October 25, 2006, we remanded the application and instructed the trial court to make findings on
whether counsel timely informed Applicant that his conviction had been affirmed and that Applicant
had a right to file a pro se petition for discretionary review. On remand, counsel submitted a sworn
affidavit in response to Applicant's claim. Based on that affidavit and the record, the trial court
recommended that we deny Applicant's claim. We believe, however, that the record is not sufficient
to resolve Applicant's claim. We believe that counsel should state whether he informed Applicant of
his right to file a pro se petition for discretionary review in his letter dated January 24, 2006, or in
other correspondence with Applicant. 

 Accordingly, the trial court shall provide appellate counsel with a second opportunity to
respond to Applicant's claim of ineffective assistance of counsel on appeal. The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether Applicant's appellate counsel
timely informed Applicant that he had a right to file a pro se petition for discretionary review. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: April 18, 2007

Do not publish